# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| DIMITRIC FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:17-CV-317-TLS |
| | ) | |
| STATE OF INDIANA, ALLEN COUNTY | ) | |
| SHERIFF DAVID GLADIEUX, CITY OF | ) | |
| FORT WAYNE, and DETECTIVE MARK | ) | |
| DESHAIES, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff Dimitric Freeman filed suit against the State of Indiana, Allen County Sheriff David Gladieux, the City of Fort Wayne, and Detective Mark Deshaies on May 26, 2017, in state court [ECF No. 4], which was removed to federal court on July 27, 2017 [ECF No. 1]. This matter is before the Court on the Plaintiff's Motion to Dismiss With Prejudice [ECF No. 18], filed on December 22, 2017, as to Defendant Gladieux only.

The Defendant Gladieux filed an Answer [ECF No. 13] on September 27, 2017. Accordingly, the Court will analyze the Plaintiff's request for dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), which allows a court to consider whether it is proper to order a party dismissed upon a plaintiff's motion. It is within the Court's sound discretion in deciding whether to permit a plaintiff to voluntarily dismiss an action pursuant to Rule 41(a)(2). *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994); *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980). In deciding whether to grant a Rule 41(a)(2) motion to dismiss, a court may look at a variety of factors, including: (1) a defendant's effort and resources already

expended in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation for the need of a dismissal; and (4) whether a summary judgment motion has been filed by defendant. *Tyco Labs.*, 627 F.2d at 56.

In consideration of the procedural context of this case and the parties' submissions, the Court finds that it has the power to enter an order regarding this case and further finds that dismissal of the action is appropriate because the Defendant has not filed summary judgment motions against the Plaintiff, the Defendant does not object to the dismissal, and the dismissal will be with prejudice. The context in which dismissal is sought is not adversarial and there is no prejudice to the Defendant in allowing the dismissal.

For the foregoing reasons, the Court GRANTS the Motion for Voluntary Dismissal [ECF No. 18] and DISMISSES WITH PREJUDICE the Plaintiff's claims against Defendant Gladieux only.

SO ORDERED on January 16, 2018.

                                             s/ Theresa L. Springmann
                                             CHIEF JUDGE THERESA L. SPRINGMANN
                                             UNITED STATES DISTRICT COURT