UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| DIMITRIC FREEMAN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO.: 1:17-CV-317-TLS |
|  | ) |  |
| STATE OF INDIANA, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Plaintiff Dimitric Freeman filed a state court Complaint [ECF No. 4] on May 26, 2017, against Defendants the State of Indiana, the City of Fort Wayne, Detective Marc DeShaies, and Sheriff David Gladiuex. Defendant Gladiuex has already been dismissed from this case. (*See* ECF No. 19.) This case was removed to federal court [ECF No. 1] on July 27, 2017. The State of Indiana (State) filed a Motion for Judgment on the Pleadings [ECF No. 22] on March 27, 2018. The Plaintiff was granted an extension of time until April 30, 2018, [ECF No. 34] in which to respond to the State's Motion, but to date, he has failed to respond or request a further extension of time. In response to the Court's Order [ECF No. 35], the State filed its Answer [ECF No. 36] into the record on May 17, 2018.

## BACKGROUND

The Plaintiff alleges that on March 7, 2016, Defendant DeShaies, while acting under color of law, applied for a search and arrest warrant for the Plaintiff based upon a tip from an informant that the Plaintiff was driving a blue Dodge Charger in violation of his designation as a habitual traffic violator. (Compl. at 2 ¶ 1, ECF No. 4.) The alleged tip was received on January 2,

2016. (*Id.*) The Plaintiff asserts that the blue Dodge Charger in question belonged to Jernard Freeman and that the Plaintiff could not have been driving the Charger at the alleged time because the Charger was being repaired from January 4, 2016, until February 11, 2016. (*Id.* at 2 ¶ 3.) Therefore, the Plaintiff asserts that the warrant was based on false information, which was communicated in reckless disregard for the truth. (*Id.* at 2 ¶ 5.) The search and arrest warrant was served on the Plaintiff on March 2, 2016. (*Id.* at 3 ¶ 7.) As a result, the Plaintiff's dogs and puppies were confiscated, and the Plaintiff was arrested. (*Id.* at 3 ¶ 8.)

The Plaintiff alleges false arrest, conversion/overbroad search, malicious prosecution, intentional infliction of emotional distress, and violation of 42 U.S.C. § 1983 against all of the Defendants. The only Defendant relevant to the instant Motion is the State.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the plaintiff has filed a complaint and the defendant has filed an answer. *See* Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings is generally not favored and courts apply a fairly restrictive standard in ruling on the motion." *Urbanski v. Tech Data*, No. 3:07-cv-17, 2008 WL 141574, at *10 (N.D. Ind. Jan. 11, 2008) (citing *Fox v. Terra Haute Indep. Broadcasters, Inc.*, 701 F. Supp. 172, 173 (S.D. Ind. 1988)). Where no evidence outside of the pleadings is submitted, and none has been submitted here, a motion for judgment on the pleadings will be reviewed under the standard of a Rule 12(b)(6) motion. *Paist v. Town & Country Corp.*, 744 F., Supp. 179 (N.D. Ill. 1990).

When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept all of the factual allegations as true and draw all reasonable inferences in favor of the Plaintiff. *Erickson v.*

*Pardus*, 551 U.S. 89, 93 (2007). The Complaint need not contain detailed facts, but surviving a Rule 12(b)(6) motion "requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## ANALYSIS

A.  **42 U.S.C. § 1983**

The Defendant argues that the Plaintiff cannot bring a cause of action under 42 U.S.C. § 1983 against a state because a state is not a "person" within the meaning of the statute. In relevant part, 42 U.S.C. § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

"[I]t is well established that neither a state nor a state agency . . . is a 'person' for the purposes of § 1983." *Ryan v. Ill. Dep't of Children and Family Servs.*, 185 F.3d 751, 758 (7th Cir. 1999) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) ("We hold that neither a State nor its officials acting their official capacities are 'persons' under § 1983.")). Therefore, the Plaintiff cannot bring this claim against the State, and the Court will enter judgment on the pleadings in favor the State.

## B. Intentional Infliction of Emotional Distress and Conversion

The Defendant next argues that the Plaintiff's claims for intentional infliction of emotional distress and conversion cannot proceed due to the immunities and requirements of the Indiana Tort Claims Act (ITCA). The ITCA limits when a plaintiff can sue a governmental entity or employee. *Bushong v. Williamson*, 790 N.E.2d 467, 471 (Ind. 2003). Additionally, a more specific provision provides that neither a governmental entity nor a government employee acting within the scope of his employment is liable if a loss results from the adoption and enforcement of a law, "unless the act of enforcement constitutes false arrest or false imprisonment." Ind. Code § 34–13–3–3(8). Indiana Courts have made clear that the ITCA immunity provision goes so far as to protect officers from liability for both tortious and even criminal acts where the purpose of the employee's conduct was to further the employer's business. *See City of Anderson v. Weatherford*, 714 N.E.2d 181, 186 (Ind. Ct. App. 1999) (citing *Kemezy v. Peters*, 622 N.E.2d 1296, 1298 (Ind. 1993)); *see also Serino v. Hensley*, 735 F.3d 588 (7th Cir. 2013). "Common law 'add-on' torts, such as [intentional infliction of emotional distress], are not exceptions to the law enforcement immunity under the ITCA." *Parish v. City of Elkhart*, No. 3:07-CV-452, 2010 WL 4054271, at *4 (N.D. Ind. Oct. 15, 2010).

The Plaintiff's state law claims arise out of actions that the Defendants took while acting in the scope of their employment. Specifically, the Defendants were acting as employees when they obtained and executed a search and arrest warrant, and their actions furthered the State's business. The loss that the Plaintiff alleges he suffered resulted from the Defendants' enforcement of the law. Accordingly, the ITCA provides immunity to the Defendants from the Plaintiff's claims for intentional infliction of emotional distress and conversion, and the Court

will enter judgment on the pleadings as to the Plaintiff's claims for intentional infliction of emotional distress and conversion against the State.

**C.     Malicious Prosecution**

The ITCA also grants broad immunity to Indiana government units and employees from malicious prosecution actions. Ind. Code. § 34-13-3-3(6); *Serino v. Hensley*, 735 F.3d 588, 593 (7th Cir. 2013). The Plaintiff has not brought a state law claim for malicious prosecution—rather, he has alleged malicious prosecution as a violation of 42 U.S.C. § 1983—and the ITCA is therefore not operative. However, as noted above, the State is not a person for the purposes of § 1983, so the Plaintiff's claim for malicious prosecution must fail.

**D.     False Arrest and False Imprisonment**

The claims remaining against the State are those for false arrest and false imprisonment. It appears that the Plaintiff is asserting these claims both pursuant to § 1983 and under state law. However, as noted above, the State is not a person for the purposes of § 1983, so the Plaintiff's claim for false arrest and false imprisonment must fail on this theory.

Turning to the Plaintiff's state law claims, because the Plaintiff's claim for false imprisonment stems from the alleged false arrest, the Court need not make a separate analysis for each claim. *See Bentz v. City of Kendallville*, 577 F.3d 776, 780 (7th Cir. 2009) ("Indeed, Indiana courts have used the terms 'false arrest' and 'false imprisonment' interchangeably when a plaintiff's claim stems from detention by authorities without probable cause.") (collecting cases). Indiana law defines false imprisonment "as the unlawful restraint upon one's freedom of movement or the deprivation of one's liberty without consent." *Id.* at 779 (quoting *Earles v.*

*Perkins*, 788 N.E.2d 1260, 1265 (Ind. Ct. App. 2003)). Under Indiana law, "[a] defendant may be liable for false arrest when he or she arrests the plaintiff in the absence of probable cause to do so." *Miller v. City of Anderson*, 777 N.E.2d 1100, 1104 (Ind. Ct. App. 2002) (citations omitted).

The absence of probable cause is an essential element of the Plaintiff's claim for false arrest. *See Garrett v. City of Bloomington*, 478 N.E.2d 89, 94 (Ind. Ct. App. 1985). The test "is not whether the arrest was constitutional or unconstitutional, or whether it was made with or without probable cause, but whether the officer believed in good faith that the arrest was made with probable cause and that such belief was reasonable." *Id.* Thus, a facially valid warrant generally shields an officer relying in good faith on the warrant from liability for false arrest. An officer "is not required to look beyond the process or warrant or determine the validity or regularity of the proceedings on which it is founded . . . or by the fact that the process may have been obtained fraudulently . . . or by notice of facts which might render the arrest improper." *Stine v. Shuttle*, 186 N.E.2d 168, 172 (Ind. Ct. App. 1962). "Even though a process may have been issued irregularly by a party who might be liable, it is nevertheless a protection to the officer executing it." *Id.*

The Plaintiff alleges that "Detective Deshaies along with Indiana State Police John/Jane Doe Officer/Allen County Police John/Jane Doe Officers served the unlawfully obtained warrant" and "then unlawfully arrested [the Plaintiff]." (Compl. at 5 ¶7.) However, the Plaintiff alleges only that Defendant Deshaies submitted false information to obtain a warrant. He does not allege that the warrant was facially invalid or that any other of the arresting officers were aware of Defendant Deshaies' alleged misrepresentation. Moreover, because Defendant Deshaies is not an employee of the State, the Plaintiff has not pleaded sufficient allegations to support a

6

claim of liability against the State for false arrest or false imprisonment, and the Court will enter judgment on the pleadings, in favor of the State.

## CONCLUSION

Accordingly, the Court GRANTS, the State's Motion for Judgment on the Pleadings [ECF No. 22] and DISMISSES the State of Indiana from this action.

SO ORDERED on May 17, 2018.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
